**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

HARVEY SMITH,

       Plaintiff-Appellant,

  v.

SUNRISE OPERATIONS, LLC; M/V
HORIZON SPIRIT, her engines, tackle,
furniture, apparel etc.,

       Defendants-Appellees,

 and

PASHA GROUP,

       Defendant.

No.   23-15921

D.C. No. 3:21-cv-04250-MMC

MEMORANDUM[*]

---

HARVEY SMITH,

       Plaintiff-Appellee,

  v.

SUNRISE OPERATIONS, LLC,

       Defendant-Appellant,

No.   23-15960

D.C. No. 3:21-cv-04250-MMC

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

M/V HORIZON SPIRIT, her engines, tackle, furniture, apparel etc.; PASHA GROUP,

Defendants.

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted July 8, 2024[**]
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and LIBURDI,[***] District Judge.

Harvey Smith appeals the district court's denial of his motion to alter the judgment, *see* Fed. R. Civ. Proc. 59(e), following a jury trial regarding his Jones Act maritime personal injury claims against Sunrise Operations and related defendants (collectively, "Sunrise"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court did not err in applying the doctrine of comparative negligence, which generally applies in maritime personal injury actions under the

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

2

Jones Act, to Smith's claim. *See Simeonoff v. Hiner*, 249 F.3d 883, 888–89 (9th Cir. 2001). Although an exception to this doctrine "exists when a seaman is injured while following orders," *id.* at 889, 891 n.4, Sunrise adduced substantial evidence at trial supporting the jury's conclusion that Captain Kluck did not order Smith to move the milk crates, including: (1) Captain Kluck's testimony that he typically requests, rather than orders, crew members to perform tasks; and that Smith could have said "anything reasonable" such as wanting to "go get something" or "do something different" instead of moving the boxes and (2) Captain Sinkevitch's expert testimony that captains can ask crew members to perform tasks without ordering them to do so. And although Smith testified that Captain Kluck ordered him to move the crates, the jury could have credited the substantial evidence adduced at trial impeaching Smith's credibility. Moreover, question 4 on the verdict form asked the jury to determine whether Smith was "ordered to perform the task that resulted in his injury." The jury responded "no."

Because "[a] jury verdict will be upheld if supported by substantial evidence," *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 20 F.4th 466, 476 (9th Cir. 2021), the district court did not err in denying Smith's motion.

3

**AFFIRMED.**[1]

---

[1] Because we affirm, we do not reach Sunrise's arguments in its conditional cross-appeal.